UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&R MINI MARKET, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA , <br><br> Defendant. | Case No. 2:23-cv-04558-JFW-AGR <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> <span style="color:red">NOTE CHANGES MADE BY COURT</span> <br><br> Honorable Alicia G. Rosenberg <br> United States Magistrate Judge |

## 1.A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.   The parties acknowledge that this Stipulated Protective Order ("this Order") does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.   The parties further

acknowledge, as set forth in Section 12.3 (Filing Protected Material), below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

This Order is not intended to affect the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege. Neither the Stipulation nor Protective Order constitutes a ruling on whether a particular document or category of information is discoverable or admissible. Nothing in this Stipulation prohibits a party from seeking further protection by a Court-approved stipulation or applying to the Court directly.

B. <u>GOOD CAUSE STATEMENT</u>

This Order is necessary because Plaintiff will seek to discover the identities of and other protected personally identifiable information ("PII") for households associated with the transactions at issue in this litigation ("Household Information"), which the United States does not believe is relevant to this action. The United States also intends to redact portions of the Administrative Record and other program-related records of the United States Department of Agriculture ("USDA"), Food and Nutrition Service ("FNS").

Defendant possesses sensitive information relating to investigative techniques and policies of FNS to detect fraud and abuse in the Supplemental Nutrition Assistance Program ("SNAP") which, if publicly disclosed, would compromise its ability to discover illegal EBT activity and allow retailers to avoid detection, specifically:

1. Policy Memo 96-02, Taking Administrative Action Against Violating EBT Stores Based on Transaction Data;

2. Policy Memo 00-02, Charge Letters Issued to Violating EBT Stores Based on ALERT (Anti-Fraud Locator Using Retailer Transactions)/EBT (Electronic Benefit Transfer) Transaction Data

(Addendum to 96-02 and 98-01); and

3. Compliance 4-3, EBT Analysis Case.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information that the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

1.    DEFINITIONS

1.1    <u>Action:</u>  This pending federal lawsuit: J&R Mini Market and Jennifer Tlaseca v. United States of America, Case No. 2:23-cv-04558-JFW-AGR.

1.2    <u>Challenging Party:</u> Party that challenges the designation of information or items under this Order.

1.3    <u>"CONFIDENTIAL" Information or Items:</u> Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

1.4    <u>Counsel:</u> Counsel of record as well as their support staff.

1.5    <u>Designating Party:</u> Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

1.6    <u>Disclosure or Discovery Material:</u> All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.7    <u>Expert:</u> Person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

an expert witness or as a consultant in this Action.

      1.8   <u>House Counsel</u>: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

      1.9   <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

      1.10  <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

      1.11   <u>Party</u>: Any party to this Action, including all its officers, directors, employees, consultants, retained experts, and Counsel.

      1.12   <u>Producing Party</u>: Party or Non-Party that produces Disclosure or Discovery Material in this Action.

      1.13   <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

      1.14  <u>Protected Material:</u> Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

      1.15  <u>Receiving Party:</u> Party that receives Disclosure or Discovery Material from a Producing Party.

2.    SCOPE

      The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

3.      DURATION AND FINAL DISPOSITION

The confidentiality obligations imposed by this Order shall remain in effect after the final disposition of this litigation, as addressed below in Section 13 (Final Disposition), until a Designating Party agrees otherwise in writing, or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.      DESIGNATING PROTECTED MATERIAL

    4.1      Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must

promptly notify all other Parties that it is withdrawing the inapplicable designation.

       4.2      <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

       Designation in conformity with this Order requires:

       (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the word "CONFIDENTIAL", to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

       A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents that it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

       (b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition or within 30 days after receipt of the transcript of the testimony, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the label "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.3    Information or documents designated as "CONFIDENTIAL" under this Order shall not be used or disclosed by the Parties or Counsels or any persons identified in subparagraph 7.2 for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed, including appeals.

4.4    <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.


5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

5.2    <u>Meet and Confer.</u>  In the event of any such objection, the Designating Party's counsel agrees to confer with counsel for the Challenging Party as promptly as practicable to attempt to resolve the objection informally. Should the Designating and Challenging Parties be unable to resolve the objection informally, the Challenging Party shall initiate the dispute resolution process under Civil Local Rule 37-1, *et seq*.

5.3    The burden of persuasion in any such challenge proceeding shall be on

the Designating Party.   Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.   Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.     ACCESS TO AND USE OF PROTECTED MATERIAL

6.1     <u>Basic Principles.</u>   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (Final Disposition).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts of the Receiving Party to whom disclosure is reasonably

necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

1.1    ~~Counsels shall endeavor to avoid revealing confidential information in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to confidential information in any such oral proceeding, counsel shall notify the Court and all other counsels as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of confidential information as a consequence of such oral proceedings to persons other than those authorized by this Order.~~

2.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

1.   A  NON-PARTY'S  PROTECTED  MATERIAL  SOUGHT  TO  BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by this Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 2.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

3.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in this Order.

Within 5 business days of receipt of such notice, any individual or entity that received such allegedly privileged or confidential material shall return to the Producing Party all such material, and copies thereof, in his, her or its possession.

The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

4.    MISCELLANEOUS

4.1    Right to Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

4.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

4.3    Filing Protected Material.  F.  No party shall lodge or file documents, pleadings, transcripts, or other materials in this litigation that contain or disclose Protected Material without obtaining this Court approval to lodge or file the Protected

Material under seal pursuant to Local Rule 79-5.1 All documents, pleadings, transcripts, or other materials lodged or filed in this litigation (including any appeal) that contain or disclose Protected Material must be submitted under seal.   All deposition transcripts that contain or disclose Protected Material must be maintained under seal and subject to this Order even if they are not lodged or filed with the Court. The Parties further agree to meet and confer regarding the manner and method for use of the Protected Material at trial.

5.    FINAL DISPOSITION

After the final disposition of this Action, as defined above in Section 4 (Duration and Final Disposition), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all of the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.   If the Receiving Party fails to provide a written certification by the 60-day deadline, the Producing Party may immediately file a notice of non-compliance to obtain from the Court an Order to Show Cause why sanctions should not be imposed.

Notwithstanding this provision, Counsels are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney-work product, and consultant- and expert-work product, even if such materials

contain Protected Material.   Any such archival copies that contain or constitute
Protected Material remain subject to this Order as set forth in Section 4 (Duration).

~~The Clerk of this Court may return to counsel for the parties or destroy any~~
~~sealed material at the end of the ligation, including any appeals.~~ But nothing
contained herein shall restrict the government's use of its records for official business
or for other purposes consistent with other applicable laws and regulations.

The Department of Justice, the United States Attorney's Office, and the U.S.
Department of Agriculture shall bear no responsibility or liability for any disclosure
made pursuant to the Protective Order sought by this Stipulation.

6.     Any violation of this Order may be punished by any and all appropriate
measures including, without limitation, contempt proceedings and/or monetary
sanctions.

///

///

///

///

///

///

///

///

///

///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: February 7, 2024                SPODEK LAW GROUP, P.C.

                                       */s/ Jeremy G. Feigenbaum*
                                       JEREMY G. FEIGENBAUM
                                       *Pro Hac Vice*

                                       Attorney for Plaintiffs

Dated: February 7, 2024

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litig. Section

*/s/ Erin Choi*
ERIN CHOI
ZAKARIYA K. VARSHOVI
Assistant United States Attorneys

Attorneys for Defendant


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: February 9, 2024

HONORABLE ALICIA G. ROSENBERG
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of J&R Mini Market and Jennifer Tlaseca v. United States of America, 2:23-cv-04558-JFW-AGR.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____